UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MARCOS CORVALAN,

    Plaintiff,

vs.

TACO CHIC, LLC d/b/a Tacology, a Florida
limited liability company, and ALBERTO
CINTA, an individual,

    Defendants.

_____/

COMPLAINT

## COMPLAINT

COMES NOW Plaintiff MARCOS CORVALAN ("CORVALAN" or "Plaintiff"), who was an employee of Defendants TACO CHIC, LLC d/b/a Tacology, a Florida limited liability company, and ALBERTO CINTA, an individual, ("Defendants"), and files this Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and for a declaration of rights.

### I.    NATURE OF THE CASE

1. Plaintiff worked for Defendants as a busser in their restaurant named Macaluso's in Miami Beach, Florida. Plaintiff was not paid for all hours suffered or permitted by Defendants. In addition, Plaintiff was forced to participate in an invalid tip pool with non-tipped employees such as managers and owners. By forcing Plaintiff to work without being paid an hourly wage and to participate in an invalid tip pool with non-tipped employees such as manager

1

and owners, Defendants failed to satisfy the requirements of 29 U.S.C. § 203(m) and are required to pay Plaintiff the full minimum and overtime wage for all hours worked.

2. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

## II.   JURISDICTION AND VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

4. This Court has original jurisdiction over Plaintiff's federal question claims.

## III.   PARTIES

5. Plaintiff MARCOS CORVALAN ("Corvalan" or "Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

6. Defendant TACO CHIC, LLC that does business as Tacology restaurant.

7. ALBERTO CINTA, an individual and *sui juris*, was the owner and operator of TACO CHIC, LLC which did business as Tacology restaurant, the restaurant at which Corvalan was employed. Cinta acted directly and indirectly in the interest of TACO CHIC, LLC. Cinta managed TACO CHIC, LLC and had the power to direct employees' actions.  Cinta had management responsibilities, degree of control over TACO CHIC, LLC's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at

2

Tacology in accordance with the FLSA making Defendant Alberto Cinta an employer pursuant to 29 USC § 203(d).

## IV.   COVERAGE

8. During all material times, Defendant TACO CHIC, LLC was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that said the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. During all material times, Defendant TACO CHIC, LLC was an employer as defined by 29 U.S.C. § 203(d).

10. During all material times, Defendant ALBERTO CINTA was an employer as defined by 29 U.S.C. § 203(d).

11. During all material times, the enterprise had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V.   FACTUAL ALLEGATIONS

12. Defendants operate a restaurant known as Tacology, located at 700 South Miami Avenue, #423A, Miami, Miami-Dade County, Florida.

13. Plaintiff was employed as a server by Defendants beginning in January, 2017, approximately, and ending on or about June 22, 2017, a period of approximately 24 weeks, and worked an average of 52 hours per week, including overtime hours.

14. During the Relevant Time Period, the applicable Florida minimum wage was $8.10 per hour.

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

15. During the Relevant Time Period, the applicable Florida minimum overtime wage was $12.15 per overtime hour.

16. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

17. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum wage.

18. In the instant case, Plaintiff paid as a tipped employee but was required to participate in an invalid tip pool with non-tipped employees, specifically managers and/or owners, in an illegal tip-pooling scheme in violation of the Act.

19. In addition, tips were withheld from Plaintiff.

20. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and must therefore pay Plaintiff the full minimum and overtime wage for each regular and overtime hour worked.

21. Because of the nonpayment of wages and institution and maintenance of the illegal tip-pooling scheme and tip credit violations during the Relevant Time Period, Defendants

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage under the FLSA.

22. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u> *et seq*

23. Plaintiff reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

24. Defendants paid Plaintiff below the minimum wage as a tipped employee.

25. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-pooling scheme with non-tipped employees.

26. By paying Plaintiff below the minimum wage as a tipped employee and by forcing Plaintiff to participate in an invalid tip pool with non-tipped employees, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

27. As a direct and proximate result of forcing Plaintiff to participate in an invalid tip pool with non-tipped employees, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff MARCOS CORVALAN demands judgment in his favor and against Defendants, jointly and severally, as follows:

   a) Award to Plaintiff for payment of all hours worked up to forty per week at the full Florida minimum wage;

b) Award to Plaintiff liquidated damages equal to the payment of all regular hours at the full Florida minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

28. Plaintiff reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

29. Defendants paid Plaintiff below the overtime wage as a tipped employee.

30. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-pooling scheme with non-tipped employees.

31. By paying Plaintiff below the overtime wage as a tipped employee and by forcing Plaintiff to participate in an invalid tip pool with non-tipped employees, Defendants cannot claim the tip credit and therefore owe Plaintiff the full overtime wage for each hour worked in excess of forty hours in a week.

32. As a direct and proximate result of forcing Plaintiff to participate in an invalid tip pool with non-tipped employees, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff MARCOS CORVALAN demands judgment in his favor and against Defendants, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per week at the rate of one-and-a-half times his regular rate of pay;

6

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty per week at the rate of one-and-a-half times his regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 7th day of July, 2017.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@ kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **July 7, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808